**McDonnell Crowley, LLC**
115 Maple Avenue
Red Bank, NJ 07701
(732) 383-7233
bcrowley@mcdonnellcrowley.com
Brian T. Crowley (BC2778)
*Proposed Counsel to John M. McDonnell,*
*Chapter 7 Trustee*

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re:<br><br>AMY L. FANG,<br><br>Debtor. | Case No. 12-26863(MBK)<br><br>Honorable Michael B. Kaplan<br><br>Chapter 7 |

### CHAPTER 7 TRUSTEE'S VERIFIED APPLICATION IN SUPPORT
### OF HIS MOTION TO COMPEL TURNOVER OF DEBTOR'S
### ASSETS TO THE CHAPTER 7 TRUSTEE, DIRECTING THE DEBTOR
### TO COOPERATE WITH THE TRUSTEE AND HIS PROFESSIONALS,
### AND DIRECTING THE PAYMENT OF ATTORNEYS' FEES AND COSTS

TO:   THE HONORABLE MICHAEL B. KAPLAN,
      UNITED STATES BANKRUPTCY JUDGE:

John M. McDonnell, Chapter 7 Trustee (the "Trustee") for the estate of Amy L. Fang, the Chapter 7 Debtor (the "Debtor"), by and through his proposed counsel, McDonnell Crowley, LLC, hereby files this verified application (the "Application") in support of his motion for entry of an order (i) to compel the Debtor, the Revocable Living Trust Agreement of Zhou Fang (the "Unrelated Trust"), and PNC Financial Services Group, Inc.[1] ("PNC Bank") to turnover to the Trustee various property of the estate, pursuant to sections 105, 521, 541, 542, and 704 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code") and Rule 4002 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), (ii) directing the Debtor to

---

[1] a/k/a/ PNC Bank NA.

cooperate with the Trustee and his professionals, (iii) directing the payment of any attorneys' fees and costs incurred as a result of the motion, and (iv) granting such other relief as this Court deems just, proper, and equitable (the "Motion"). In support of the Motion, the Trustee respectfully represents as follows:

## PRELIMINARY STATEMENTS

1. 'What $360,000? .... Oh…. You mean that $360,000.' And so we begin this pleading and this case with a paraphrase of the absurd - where the Debtor somehow forgot about the largest asset of the estate in the form of approximately $360,000 in insurance proceeds she received as a result of the passing away of her recently deceased husband.

2. Unfortunately, at this early stage of the Debtor's case, the Trustee has serious concerns that the Debtor is not cooperating in the orderly liquidation of property of the Debtor's estate – and she may also attempting to conceal property, to the prejudice of the estate's creditors.

3. Indeed, the Debtor seems to believe the bankruptcy process imposes a scavenger hunt obligation on the Trustee – where if he can find an asset, he can ask for it, but she can decide, in her discretion, the ultimate disposition of the asset.

4. The Trustee is hopeful he and the Debtor can work together in allowing for both an orderly liquidation of the bankruptcy estate and assisting the Debtor with a fresh start; however, at this time, the Trustee is forced to seek the intervention of this Court to compel the Debtor and her affiliates to cooperate with the Trustee and his professionals.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334(b). Venue of this proceedings is proper in this Judicial District pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

### A. Procedural History

6. On July 2, 2012 (the "Petition Date"), the Debtor filed her voluntary petition for relief under chapter 7 of the Bankruptcy Code, in the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court").

7. On July 11, 2012, the Trustee was appointed, has duly qualified and is acting in that capacity. *See* Docket No. 3.

8. The Debtor's 341(a) meeting of creditors (the "341 Meeting") was held on September 10, 2012.

### B. The Undisclosed Assets

9. The Debtor has failed to properly disclose various property of the estate.

10. On Schedule "B" of her Petition the Debtor lists personal property with an aggregate value of approximately $6,404.07. *See* Docket No. 1-3.

11. The largest asset listed on Schedule "B" of her Petition the Debtor, is a checking account at "Federal Savings Bank" with a total balance of $3,144.07. *See* Docket No. 1-4.

12. The Debtor lists no other bank accounts on Schedule "B' or any interests in any trusts. *See* Docket No. 1-4.

13. On her Statement of Financial Affairs to the Petition, in the Debtor response to Question No. 16, regarding a "Spouse or Former Spouse" the Debtor simply lists "None." *See* Docket No. 1-2.

14. Based upon information and belief, the Debtor was married to Mr. Zhou Fang (the "Decedent").

15. Based upon further information and belief, the Decedent passed away prior to the Petition Date.

16. Upon questioning by the Trustee at the 341 Meeting, the Trustee became suspicious of the Debtor's answers to certain questions he was asking that related to the recent passing of her husband and certain insurance proceeds related to the same. Based upon the questionable testimony, the Trustee demanded the turnover of various documents, including, but not limited to, information on any life insurance proceeds the Debtor received/and or she was a beneficiary of from as it related to the Decedent.

17. In response the Trustee's demand for documents, on September 21, 2012, the Debtor produced various documents (the "Debtor's Response"), including two life insurance policies (collectively the "Life Insurance Policies") with AXA Equitable Life Insurance Company with coverage amounts both in the amounts of $180,000 and the "Primary Beneficiary" listed is his "wife" "Jian Hua Liang". Attached hereto as **Exhibit "A"** are of certain documents provided in the Debtor's Response.

18. On her Petition the Debtor in response to the question to list "[a]ll other Names used by the Debtor in the last 8 Years" the following name was listed "Jianhua Liang." *See* Docket No. 1.

4

19. The contingent beneficiaries listed on the Life Insurance Policies are the Decedent's son, En Guang Fang, and his daughter Phoebe Fang. *See* **Exhibit "A"**.

20. No other beneficiaries are listed in the Life Insurance Policies. *See* **Exhibit "A"**.

21. The Debtor's Response noted, among other things, "[a]ll proceeds from the life insurance policies have been placed in a trust account. An amount of $330,000.00 was placed into money accounts of the Trust on March 14, 2012 as evidence by the documents enclosed. The remaining $30,000 was placed in a checking account with PNC Bank on that same day." *See* **Exhibit "A"**.

22. In an apparent attempt to confuse the issue of ownership of the Life Insurance Polices, the Debtor, as part of the Debtor's Response, also included documents related to a "Revocable Living Trust Agreement" dated December 1, 2011, that appears to have been created for the benefit of certain family members of the Decedent, including the Debtor and her children. *See* **Exhibit "A"**.

23. The Debtor provides no explanation on why the Debtor, the named beneficiary of the Life Insurance Polices, was not paid all the insurance proceeds (collectively, the "Undisclosed Insurance Proceeds") from the Life Insurance Policies. Moreover, the Debtor's Response makes no mention of whose name appears on the "PNC Bank" checking account in the $30,000.

24. On September 24, 2012, the same day the Trustee received the Debtor's Response, the Trustee, thorough his proposed counsel, demanded the turnover of the Undisclosed Insurance Proceeds and the Debtor has failed to provide any response.

**BASIS FOR RELIEF**

25. The Trustee respectfully requests that pursuant to sections 105, 521, 541, 542, and 704 of the Bankruptcy Code and Bankruptcy Rule 4002, the Debtor, the Unrelated Trust, and PNC Bank be compelled to turnover to the Trustee certain property of the estate, specifically, the Undisclosed Insurance Proceeds.

26. As directed by the Supreme Court, courts have given a broad and expansive interpretation to what constitutes property of the estate under section 541 of the Bankruptcy Code. *U.S. v. Whiting Pools, Inc.*, 462 U.S. 198, 203 (1983).

27. Pursuant to section 521(a)(4) of the Bankruptcy Code and Bankruptcy Rule 4002(4), if a trustee is appointed for the debtor, they are under a duty to surrender all property of the estate to the Trustee. Section 521(a)(4) of the Bankruptcy Code provides in relevant part: "The debtor shall…if a trustee is serving in the case…surrender to the trustee all property of the estate and any recorded information, including books, documents, records, and papers, relating to property of the estate…" This obligation is self-executing and is effective immediately upon the filing of the petition.

28. The Debtor is "under an affirmative duty to surrender to the trustee all property of the estate and any recorded information, including books, documents, records, and papers, relating to property of the estate. . . . [s]ection 727(a)(4)(D) enforces this obligation by denying discharge to debtors who intentionally withhold records, books, documents, or other papers relating to her property or financial affairs." *In re Young,* 346 B.R. 597, 615 (Bankr. E.D.N.Y. 2006) (citations omitted). As one other court noted:

> Under the Bankruptcy Code, a debtor has a duty to surrender property of the estate to the trustee. Furthermore, a trustee has the duty to collect and reduce to money the property of the estate for which such trustee serves. Finally, any entity, other than a custodian, in possession, custody or control of property that the trustee may use, sell, or lease under section 363 of this title…shall deliver to the trustee, and account for, such property or the value of such property.

*In re Kerlo*, 311 B.R. 256, 262 (Bankr. C.D.Cal. 2004)(internal quotations omitted).

29. Currently, the Debtor has failed in her obligation to properly cooperate with the Trustee in the disclosure and turnover of property of the estate.

30. Moreover, the relief sought herein is also appropriate pursuant to this Court's equitable powers under section 105(a) of the Bankruptcy Code. It is well settled that bankruptcy courts are courts of equity, empowered to invoke equitable principles to achieve fairness and justice in the administration of bankruptcy proceedings. *See In re Official Comm. of Unsecured Creditors of Cybergenics Corp.*, 330 F.3d 548, 567 (3d Cir. 2003). Section 105(a) states that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a).

31. As one court acknowledged, section 105 of the Bankruptcy Code confers broad powers on bankruptcy courts:

> [Section] 105 [is] an omnibus provision phrased in such general terms as to be the basis for a broad exercise of power in the administration of a bankruptcy case. The basic purpose of [section] 105 is to assure the bankruptcy courts power to take whatever action is appropriate or necessary in aid of its jurisdiction . . . .

*Davis v. Davis (In re Davis)*, 170 F.3d 475, 492 (5th Cir. 1999) (internal citations and quotations omitted); *See also In re Kaiser Aluminum Corp.*, 456 F.3d 328, 340 (3d Cir. 2006). Under section 105(a) of the Bankruptcy Code, this Court has expansive equitable power to fashion any order or

7

decree that is in the interest of preserving or protecting the value of a debtor's assets. *See Coie v. Sadkin (In re Sadkin),* 36 F.3d 473, 478 (5th Cir. 1994).

32. In the case *sub judice*, the Trustee has requested that the Debtor cooperate in the turnover of the Undisclosed Insurance Proceeds, however, the Debtor has failed to comply. Indeed, the Debtor is acting in bad faith and contrary to her obligations under the Bankruptcy Code by (i) failing to initially disclose the Undisclosed Insurance Proceeds, and (ii) failing to turnover the Undisclosed Insurance Proceeds.

33. The Debtor is frustrating the Trustee's efforts to conduct a successful liquidation of the estate's assets to the determinant of all the stakeholders of the estate. Indeed, without the turnover and liquidation of these assets – there will likely be no distribution to creditors.

34. Accordingly, the Trustee respectfully requests entry of an order of this Court directing the Debtor, the Unrelated Trust, and PNC Bank to turnover the Undisclosed Insurance Proceeds and any records related to the same. The Trustee also requests that the Debtor, the Unrelated Trust, and PNC Bank provide the Trustee with a complete and itemized accounting of the Undisclosed Insurance Proceeds.

35. Finally, the Trustee respectfully submits that the creditors of the estate should not be forced to shoulder the cost of the Debtor's recalcitrance. Therefore, the Trustee seeks the cost of any attorneys' fees and cost incurred as a result of the Motion.

## NOTICE

36. Notice of the Motion has been given to: (1) the United States Trustee for the District of New Jersey; (2) counsel to the Debtor; (4) Enguang Fang, the apparent co-trustee of the Unrelated Trust, (5) En-Kuang David Cheng, apparent co-trustee of the Unrelated Trust, (6) PNC Bank, (7) the Debtor, and (8) all parties that timely have requested notice in this case. In

light of the nature of the relief requested herein, the Trustee submits that no other or further notice is required.

## NO PRIOR REQUEST

37. No previous motion for the relief sought herein has been made to this or to any other court.

## WAIVER OF BRIEF

38. As no novel issue of law is raised and the relevant authorities relied upon by the Trustee are set forth herein, the Trustee respectfully requests that the requirement of D.N.J. LBR 9013-2 of filing a brief be waived.

## CONCLUSION

WHEREFORE, the Trustee respectfully requests that this Court enter an order directing: (1) the Debtor, the Unrelated Trust, and PNC Bank to turnover to the Trustee certain property of the estate they have in their dominion and/or control; (2) directing the Debtor and the Unrelated Trust to provide an accounting of the Undisclosed Insurance Proceeds, and any financial records and information related to the Undisclosed Insurance Proceeds; (3) directing the Debtor to cooperate with the Trustee and his professionals; (4) directing the Debtor to pay any attorneys' fees and costs incurred as a result of the Motion; and (5) grant such other, further and different relief as this Court deems just, proper, and equitable.

**McDonnell Crowley, LLC**
*Proposed Counsel to John M. McDonnell,*
*Chapter 7 Trustee*

By:     */s/ Brian T. Crowley*
         BRIAN T. CROWLEY

Dated: September 26, 2012

9

## **VERIFICATION PURSUANT TO 28 U.S.C. § 1746**

I, **JOHN M. McDONNELL**, hereby verify that the foregoing statements are true and correct to the best of my knowledge and belief.

>                */s/ John M. McDonnell*
> JOHN M. McDONNELL, Chapter 7 Trustee

Dated:  September 26, 2012