**McDonnell Crowley, LLC**
115 Maple Avenue
Red Bank, NJ 07701
(732) 383-7233
bcrowley@mcdonnellcrowley.com
Brian T. Crowley (BC2778)
*Counsel to John M. McDonnell,*
*Chapter 7 Trustee*

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>AMY L. FANG,<br><br>                    Debtor. | Case No. 12-26863(MBK)<br><br>Honorable Michael B. Kaplan<br><br>Chapter 7 |

**CHAPTER 7 TRUSTEE'S VERIFIED LIMITED OBJECTION IN**
**OPPOSITION TO THE DEBTOR'S APPLICATION FOR ORDER AUTHORIZING**
**THE EMPLOYMENT AND RETENTION OF WANG GAO & ASSOCIATES, P.C.**

TO:   THE HONORABLE MICHAEL B. KAPLAN,
        UNITED STATES BANKRUPTCY JUDGE:

John M. McDonnell, Chapter 7 Trustee (the "Trustee") for the estate of Amy L. Fang, the Chapter 7 Debtor (the "Debtor"), by and through his counsel, McDonnell Crowley, LLC, hereby files this verified limited objection (the "objection") in opposition to the Debtor's *Application for Order Authorizing the Employment and Retention of Wang Gao & Associates, P.C.* (the "Retention Application"). In support of the Objection, the Trustee respectfully represents as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over the Retention Application and the Objection pursuant to 28 U.S.C. §§ 157 and 1334(b). Venue of this proceedings is proper in this Judicial District pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

### A. Procedural History

2. On July 2, 2012 (the "Petition Date"), the Debtor filed her voluntary petition for relief under chapter 7 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq*. (the "Bankruptcy Code"), in the United States Bankruptcy Court for the District of New Jersey.

3. On July 11, 2012, the Trustee was appointed, has duly qualified and is acting in that capacity. *See* Docket No. 3.

4. The Debtor's 341(a) meeting of creditors (the "341 Meeting") was held on September 10, 2012.

### B. The Debtor's Flawed Retention Application

5. On October 3, 2012, the Debtor filed her Retention Application. The Retention Application seeks postpetition employment of her prepetition counsel. The Retention Application further seeks that Debtor's counsel, Wang, Gao & Associates, P.C. ("Wang"), be paid from estate funds. *See* Docket No. 16.

6. The Trustee has not and does not consent to the retention of Wang to represent the bankruptcy estate in any manner in this case.

**BASIS FOR RELIEF**

7. The Trustee has no objection to the Debtor employing any professionals she desires to retain to represent her interests; however, those professionals should not be paid with estate funds. Accordingly, the Trustee respectfully requests that this Court enter an order denying the relief sought in the Retention Application – to the extent the Debtor seeks to pay Wang from estate funds.

8. Courts have already addressed this issue. In *Lamie v. United States Trustee*, 540 U.S. 526 (2004), the Supreme Court unequivocally held that section 330 (a) of the Bankruptcy Code prohibits payment from the bankruptcy estate to a chapter 7 debtor's attorney unless that attorney is employed under section 327 of the Bankruptcy Code. "[Section] 330(a)(1) does not authorize compensation awards to debtors' attorneys from estate funds, unless they are employed as authorized by § 327. If the attorney is to be paid from estate funds under § 330(a)(1) in a Chapter 7 case, *he must be employed by the trustee and approved by the court.*" *Id.* at 538-39.

9. Indeed, allowing Debtor's counsel to recover their fees from property of the estate would eviscerate the principle that the trustee determines (subject to the court's approval) what work, if any, counsel can perform at estate expense. Specifically, section 327(a) of the Bankruptcy Code, permits the trustee, with the court's approval, to employ attorneys to "represent or assist the trustee" in carrying out his duties, while section 327(e) of the Bankruptcy Code authorizes the trustee to "employ, for a specified special purpose" other than representing the trustee, an attorney who has represented the debtor. *See* 11 U.S.C. § 327.

10. The Moreover, the relief sought herein is also appropriate pursuant to this Court's equitable powers under section 105(a) of the Bankruptcy Code. It is well settled that bankruptcy courts are courts of equity, empowered to invoke equitable principles to achieve fairness and

3

justice in the administration of bankruptcy proceedings. *See In re Official Comm. of Unsecured Creditors of Cybergenics Corp.*, 330 F.3d 548, 567 (3d Cir. 2003). Section 105(a) states that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a).

11. As one court acknowledged, section 105 of the Bankruptcy Code confers broad powers on bankruptcy courts:

> [Section] 105 [is] an omnibus provision phrased in such general terms as to be the basis for a broad exercise of power in the administration of a bankruptcy case. The basic purpose of [section] 105 is to assure the bankruptcy courts power to take whatever action is appropriate or necessary in aid of its jurisdiction . . . .

*Davis v. Davis (In re Davis)*, 170 F.3d 475, 492 (5th Cir. 1999) (internal citations and quotations omitted); *See also In re Kaiser Aluminum Corp.*, 456 F.3d 328, 340 (3d Cir. 2006). Under section 105(a) of the Bankruptcy Code, this Court has expansive equitable power to fashion any order or decree that is in the interest of preserving or protecting the value of a debtor's assets. *See Coie v. Sadkin (In re Sadkin),* 36 F.3d 473, 478 (5th Cir. 1994).

12. In the case *sub judice*, the Debtor is free to use her postpetition income to pay counsel of her choice. The estate, however, should not be forced to incur this expense as it would run counter the case law and the Congressional intent to allow the Trustee to determine which professionals he deems, in his judgment and subject to this Court approval, will best represent the interest of the creditors of the estate.

13. Accordingly, the Trustee respectfully respects this Court enter an order that would prohibit any of the Debtor's professionals, including her attorney, from being paid with estate funds.

## NOTICE

14. Notice of the Objection has been given to: (1) the United States Trustee for the District of New Jersey; (2) counsel to the Debtor; (4) the Debtor, and (5) all parties that timely have requested notice in this case. In light of the nature of the relief requested herein, the Trustee submits that no other or further notice is required.

## WAIVER OF BRIEF

15. As no novel issue of law is raised and the relevant authorities relied upon by the Trustee are set forth herein, the Trustee respectfully requests that the requirement of D.N.J. LBR 9013-2 of filing a brief be waived.

## CONCLUSION

WHEREFORE, the Trustee respectfully requests that this Court enter an order denying the relief sought in the Retention Application and enter an order that conforms with the relief sought herein, and grant such other, further and different relief as this Court deems just, proper, and equitable.

**McDonnell Crowley, LLC**
*Counsel to John M. McDonnell,*
*Chapter 7 Trustee*

By:    /s/ Brian T. Crowley
     BRIAN T. CROWLEY

Dated: October 10, 2012

## VERIFICATION PURSUANT TO 28 U.S.C. § 1746

I, **JOHN M. McDONNELL**, hereby verify that the foregoing statements are true and correct to the best of my knowledge and belief.

                                            */s/ John M. McDonnell*
                                            JOHN M. McDONNELL, Chapter 7 Trustee

Dated: October 10, 2012