Wang, Gao & Associates, P.C.
36 Bridge Street
Metuchen, NJ 08840
(t): (732) 767-3020
*Attorneys for Debtor*

**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>AMY L. FANG<br><br>Debtor. | Case No: 12-26863 (MBK)<br><br>Hon. Michael B. Kaplan<br><br>Chapter 7 |

**OBJECTION TO TRUSTEE'S MOTION TO COMPEL TURNOVER OF
DEBTOR'S ASSETS TO THE CHAPTER 7 TRUSTEE, DIRECTING
THE DEBTOR TO COOPERATE WITH THE TRUSTEE AND
HIS PROFESSIONALS, AND DIRECTING THE PAYMENT
OF ATTORNEYS' FEES AND COSTS**

Amy L. Fang (hereinafter, "Debtor"), by and through her attorney, Heng Wang, Esq., Wang Gao & Associates, P.C., objects to the order sought by Mr. John M. McDonnell's (hereinafter, "Trustee") application, dated September 26, 2012.

**PRELIMINARY STATEMENT**

1. The Trustee's claims that the Debtor, "somehow forgot" to include the proceeds from the life insurance policy of her late husband, Zhou Fang; however, the Debtor had no duty or obligation to report that to which she had no interest, control, ownership or possession.

2. The Debtor provides documents in support that that Mr. Zhou Fang amended the beneficiaries of the life insurance parties to be the Revocable Living Trust.

3. The Debtor also includes and relies upon her own Declaration, the Declaration of Harris C. Tang and the exhibits attached thereto in support that it was the policy owner

1

Mr. Fang's intention, request, and instruction that the beneficiary of the life insurance polices be changed from those named in the policy to the Revocable Living Trust.

4. Since the Debtor has no duty or obligation to report that which she had no interest, control, ownership or possession, there can be no claim that the Debtor has concealed or attempted to conceal any assets.

5. Also, since the Debtor was not a beneficiary of the life insurance policies, did not receive any of the proceeds of the life insurance policies, and because said proceeds were not part of her estate, the Court should deny the Trustee's application in its entirety.

## OBJECTION

6. Bankruptcy Code 521(a)(4) states that, " … if a trustee is serving in the case or an auditor appointed under section 586(f) of title 28, surrender to the trustee all property of the estate and any recorded information, including books, documents, records, and papers, relating to property of the estate, whether or not immunity is granted under section 344 of this title … "

7. The Trustee's instant application in this matter is based upon the assumption that the proceeds from the life insurance policy were part of the estate.

8. However, as aforementioned above and pursuant to the Declaration of Harris C. Tang, the Declaration of Amy L. Fang, and the exhibits attached thereto, it is clear that the proceeds of the life insurance property were not part of the Debtor's estate.

9. The Debtor makes reference and incorporates hereto the Declaration of Amy L. Fang and the Declaration of Harris C. Tang.

10. Mr. Zhou Fang was a businessman engaged in the construction and renovation business and made all of the financial decisions for his family. His wife, the Debtor, was

a housewife and cared for their two children. She had a part-time job as a nurse's aide for a period of less than two (2) years.

11. The deceased, Mr. Zhou Fang, was the owner and insured of two life insurance polices; the AXA Life Insurance Policy No.: 156 220 265 (hereinafter the, "AXA Policy"), and the Equitable Life Insurance Policy No.: 104 010 889 (hereinafter the, "Equitable Policy"). Mr. Harris C. Tang was the insurance agent and representative responsible for these policies. (see *Exhibits A and B to the Declaration of Harris C. Tang*).

12. Each policy named certain beneficiaries; however, beneficiaries of both the AXA Policy and the Equitable Policy are revocable beneficiaries, could be changed, and indeed were changed to be the Revocable Living Trust prior to the death of Mr. Fang.

13. Mr. Zhou Fang's health condition deteriorated in 2011. Mr. Zhou Fang decided to change the beneficiaries of the life insurance policies to a Trust that he was creating. Mr. Fang met with Mr. Tang, the insurance agent and his personal friend, in November of 2011 and requested that the beneficiary of the life insurance proceeds be changed from those named in the policy to a revocable living trust. Mr. Tang assured Mr. Fang that he would make the changes to the policies' beneficiaries as per his request and instruction.

14. On December 1, 2011, Mr. Fang executed several documents including the Last Will and Testament for Mr. Zhou Fang (hereinafter the, "Will"), the Revocable Living Trust Agreement (hereinafter the, "Revocable Living Trust," or, "Trust"), and the General Durable Power of Attorney (hereinafter the, "Power of Attorney"). Mr. Fang executed these documents in the presence of his wife Amy L. Fang, Mr. Donald Reeder (his attorney), Mr. En-Kuang David Cheng (the named trustee of the revocable living

3

trust), and a few other friends from the church. (see *Exhibits A, B, and C to the Declaration of Amy L. Fang*).

15. The documents speak for themselves. The Power of Attorney provided for Mr. Fang's wife, the Debtor, with the authority to change the beneficiary of the life insurance policies from those named to the Revocable Living Trust. Particularly, Article I, Section 17 of the Power of Attorney specifically provides that the agent Amy Fang was give the power for "*Transfers to Revocable Trusts. To transfer any or all assets of mine to any revocable trust which I may have created during my lifetime.*" (see Fang Dec. Ex. C) Such language clearly shows Mr. Fang's intention to transfer the life insurance proceeds to the Revocable Trust through his agent Amy Fang, by granting Amy Fang, the Debtor, power to conduct the transfer.

16. The documents also show that it was contemplated by Mr. Zhou Fang that the Revocable Trust would receive the life insurance proceeds as evidenced by the language in Article VI, 6.1(a) of the Revocable Living Trust Agreement, namely, "*in the event the assets of this Trust shall at any time consist of life insurance policies … or death benefits …*" (see Fang Dec. Ex. B)

17. Mr. Zhou Fang's intention to transfer the life insurance proceeds to the Revocable Trust is further evidenced by his Last Will and Testament. The Article IV "Residuary Pour-Over" provides that "*I devise all the residue of my estate … to the Trustee under the Revocable Trust Agreement …*" (see Fang Dec. Ex. A) This language covers the life insurance proceeds.

18. Pursuant to Mr. Fang's instructions, on December 10, 2012, Mr. Tang met with the Debtor and presented her with the "Life Insurance Beneficiary Change" form for the AXA Policy and the Equitable Policy. Mr. Tang listed Ms. Fang as the "Owner" of the in

4

the "Life Insurance Beneficiary Change" form since she was provided with the authority to sign on behalf of Mr. Fang as per the Power of Attorney.  (see *Exhibit C to the Declaration of Harris C. Tang*).  The "Life Insurance Beneficiary Change" form was executed on behalf of Mr. Fang, as per his instruction and request, by the Debtor on December 10, 2011.  The AXA Equitable/AXA Equitable Life and Annuity Company/MONY Life Insurance Company of America certified by stamp that the changes made per the "Life Insurance Beneficiary Change" form had been accepted and recorded on December 15, 2012.

19. At that point, from December 10, 2011 on, the Debtor was no longer a beneficiary to the life insurance polices of Mr. Fang.  None of the proceeds of the life insurance policy were distributed to the Debtor, nor did the Debtor transfer any of the proceeds from the life insurance policies as they were distributed directly to the Revocable Living Trust.

20. Therefore, the Debtor was no longer a beneficiary of the life insurance proceeds and said proceeds were at no point a part of her estate.

21. Since the Debtor was not a beneficiary of the life insurance policies, the proceeds of the life insurance policies were never distributed to the Debtor's estate, and because the proceeds were distributed to the Trust, the Debtor was under no obligation to report the proceeds of the life insurance polices in her petition to this Court.

### **CONCLUSION**

22. For the foregoing reasons, the Court should deny the Trustee's application in its entirety.

23. The Debtor also respectfully requests that the requirement of D.N.J. LBR 9013-2 requirement of filing a brief be waived as no novel issue of law is raised.

Dated: October 18, 2012               By:    /s/ Heng Wang
                                              Heng Wang, Esq.