Wang, Gao & Associates, P.C.
36 Bridge Street
Metuchen, NJ 08840
(t): (732) 767-3020
*Attorneys for Debtor*

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>AMY L. FANG<br><br>Debtor. | Case No: 12-26863 (MBK)<br><br>Hon. Michael B. Kaplan<br><br>Chapter 7 |

**DECLARATION OF AMY L. FANG IN SUPPORT OF OBJECTION TO TRUSTEE'S MOTION TO COMPEL TURNOVER OF DEBTOR'S ASSETS TO THE CHAPTER 7 TRUSTEE, DIRECTING THE DEBTOR TO COOPERATE WITH THE TRUSTEE AND HIS PROFESSIONALS, AND <u>DIRECTING THE PAYMENT OF ATTORNEYS' FEES AND COSTS</u>**

I Amy L. Fang, a/k/a Jian Hua Liang, of full age and pursuant to 28 U.S.C. § 1746, under the penalty of perjury under the laws of the United States of America, that the following is true and correct:

1. I am the Debtor in the above-captioned matter and the widow of the deceased, Mr. Zhou Fang.

2. My late husband, Mr. Fang, was a businessman engaged in the construction and renovation business.

3. I was primarily a housewife and provided for the care of our two children. I also had a brief part-time job working as a nurse's aide caring for elderly persons for a year or two.

4. As such it was my late husband, Mr. Fang, made all of the financial decisions for the family and not me, up until his death.

5. My husband was the owner and insured of two life insurance policies, AXA Life Insurance Policy No.: 156 220 265 (hereinafter the, "AXA Policy") and the Equitable Life Insurance Policy No.: 104 010 889 (hereinafter the, "Equitable Policy"). (see *Exhibits A and B to the Declaration of Harris C. Tang*).

6. My husband's health condition deteriorated in 2011. It was my late husband's intention that the beneficiary of his life insurance policies be changed from the named beneficiaries in both policies to a revocable living trust. To carry out his plan, he hired an attorney Donald W. Reedeer, Esq. to draft certainly legal documents for him, including Last Will and Testament, Revocable Living Trust Agreement, and General Durable Power of Attorney.

7. In November of 2011, Mr. Harris C. Tang, the insurance representative and a friend of us, met with my husband. At that meeting, my husband informed Mr. Tang that he wanted to change the beneficiaries of his two life insurance policies from those named to a revocable living trust that he was creating. My husband requested that Mr. Tang see to it that the changes were made and executed. I was present at this meeting.

8. On December 1, 2011, my husband executed his Last Will and Testament, Revocable Living Trust Agreement, and General Durable Power of Attorney. (see **EXHIBIT A**; **EXHIBIT B**; and ;**EXHIBIT C**). I was present and witnessed the execution of these documents.

9. The Last Will and Testament (hereinafter, "Will") states in Article III – Specific Gifts, section 3.1 "Personal Effects" that: "[Mr. Fang] devise[s] all [his] clothing, jewelry, personal effects, furniture, furnishings, household effects, automobiles, boats, and other tangible personal property (other than money), including insurance policies thereon, to [his] spouse, AMY L. FANG. […]."

10. The Will also states in Article IV – Residue, section 4.1 "Residuary Pour-Over" that: "[Mr. Fang] devise all the residue of my estate, but expressly excluding any property over which I have a power of appointment, to the Trustee under the Revocable Trust Agreement … I previously executed today, to be administered in accordance with the terms of the Trust Agreement now constituted and from time to time hereafter amended."

11. The Revocable Living Trust Agreement considers the event of the trust consisting of assets from life insurance policies in Article VI – General Provisions, section 6.1 "Insurance", (a) "Payments of Premiums".

12. The Revocable Living Trust Agreement states in Article VI – General Provisions, section 6.1 "Insurance", (b) "Exercise of Rights" that: "[d]uring my lifetime I reserve the absolute right to exercise any and all incidents of ownership, including the right to change beneficiary at any time or times."

13. The Revocable Living Trust Agreement states in Article VI – General Provisions, section 6.1 "Insurance", (c) "Exercise of Rights" that: "[u]pon my death, with respect to any such policy, the Trustee shall take such action as is appropriate for the collection of the proceeds of the policies."

14. The General Durable Power of Attorney (hereinafter, "Power of Attorney") provided me with the authority to execute documents on my husband's behalf and upon his instruction and request.

15. Specifically, the Power of Attorney paragraph seventeen (17), "Transfers to Revocable Trust" provided me with the power to transfer any or all assets to any revocable trust created during Mr. Fang's lifetime upon his instruction and request.

16. It was indeed my late husband's desire, wish, request, and instruction that the beneficiary of the AXA Policy and the Equitable Policy be changed from those named in the policy to the Revocable Living Trust.

17. Upon my late husband's instruction and request, the life insurance agent, Mr. Tang, drafted and completed the "Life Insurance Beneficiary Change" form. (see *Exhibit C to the Declaration of Harris Tang*).

18. I met with Mr. Tang on December 10, 2012 and executed the document as instructed to do so.

19. Mr. Tang informed me that by signing this document the beneficiary of the life insurance policies were transferred from those named to the Revocable Living Trust, as was the request and instruction of my late husband.

20. As per the desire, request and instruction of my late husband, upon his death, the proceeds from the AXA Policy and the Equitable Policy were distributed to the Revocable Living Trust.  More specifically, an amount of $330,000 was placed into the Trust's money market account, and the remaining $30,000 was placed into in the Trust's checking account.

21. As I was no longer a beneficiary of the life insurance policies I did not receive any of the proceeds from the policy.  I did not transfer any of the proceeds from the life insurance policy as they were distributed to the Trust.  Due to this fact, I did not include any of the information of the proceeds of the policy in my petition to the Court.

Dated: 10-18-2012

_____
Amy L. Fang